IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

| | |
|---|---|
| KRYSTEN WILLIAMS, | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No.: |
| AMAZON.COM SERVICES LLC | ) |
| d/b/a AMAZON DMF8, | ) |
| **Defendant.** | ) |
| _____ | ) |

# COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KRYSTEN WILLIAMS, by and through her undersigned counsel, hereby brings this Complaint against Defendant AMAZON.COM SERVICES LLC d/b/a AMAZON DMF8 for violations of the Americans with Disabilities Act (ADA), the Florida Civil Rights Act (FCRA), and any other applicable federal and state laws protecting employees from discrimination and retaliation based on disability, and alleges as follows:

JURISDICTION AND VENUE

1. This is an action for damages in excess of $350,000, exclusive of interest, costs, and attorney's fees.

2. Venue is proper in this Court because the unlawful employment practices were committed within the State of Florida, in Pinellas County.

3. Defendant employed Plaintiff in its offices located in Pinellas County, Florida.

***ELECTRONICALLY FILED 04/28/2025 10:39:04 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

4. Plaintiff has satisfied all administrative prerequisites prior to the filing of this action, including the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

## PARTIES

5. Plaintiff is a resident of Florida and at all relevant times was an employee of Defendant.

6. Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act (ADA), as she is deaf and anemic.

7. Defendant, is a corporation licensed to do business in Florida and was Plaintiff's employer within the meaning of the ADA and the FCRA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a disabled woman as she is both deaf and anemic.

9. Plaintiff began working for Defendant on January 1, 2021, as a Package Handler.

10. Upon her hire, Plaintiff disclosed her disabilities—deafness and anemia—to Defendant.

11. Plaintiff requested, and was granted, a reasonable accommodation of additional 15-minute breaks as necessary due to disability.

12. Despite Plaintiff's disabilities, Plaintiff was capable of performing the essential functions of her job with a reasonable accommodation.

13. At all times, Plaintiff performed her job duties satisfactorily and was an employee in good standing.

14. On or about September 27, 2022, while at work, Plaintiff experienced symptoms related to her anemia, including weakness, dizziness, and lightheadedness.

15. Plaintiff requested a break in accordance with her approved accommodation, but Defendant unreasonably denied her request.

16. On or about October 1, 2022, Plaintiff suffered a medical emergency, specifically a pulmonary embolism, and nearly collapsed.

17. As a result of the medical emergency, Plaintiff fell into a coma and was hospitalized for over a week, during which she was unable to report to work.

18. During her hospitalization, Plaintiff was advised not to contact Human Resources because the individual assigned to her case was "new".

19. Upon her return in or about November 2022, Plaintiff complained to Defendant about its failure to accommodate her disability, which directly led to her medical emergency.

20. Plaintiff also requested worker's compensation for her workplace-related medical emergency, which Defendant denied.

21. Plaintiff further requested a meeting between deaf employees and an area manager and HR to address ongoing accessibility issues. Defendant ignored the request and refused to engage in the interactive process.

22. On February 21, 2023, Defendant retaliated against Plaintiff by terminating her employment.

23. Defendant's stated reasons for Plaintiff's termination were pretextual, and her termination was motivated by discriminatory animus due to her disability and in retaliation for her complaints and request for accommodation.

24. Defendant was motivated by Plaintiff's disabilities.

25. Defendant willfully violated the FCRA and the ADA because Defendant was aware of Plaintiff's disabilities.

26. Defendant acted in reckless disregard of its duties under the FCRA and the ADA.

27. Defendant fired Plaintiff because Plaintiff sought medical treatment and care for her work-related injuries.

28. Defendant did not have a legitimate reason to terminate Plaintiff's employment and Defendant violated the FCRA and the ADA by terminating because of her disabilities.

29. Plaintiff has suffered substantial damages, including but not limited to lost wages, loss of benefits, emotional distress, and mental anguish.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a qualified individual with a disability under the ADA (42 U.S.C. § 12102).

32. Plaintiff engaged in protected activity by requesting a reasonable accommodation and objecting to discriminatory treatment.

33. Plaintiff requested a reasonable accommodation of additional breaks due to her anemia and deafness, which was initially granted but later denied at a critical moment.

34. Defendant's failure to accommodate Plaintiff's known disabilities led directly to a medical emergency and hospitalization.

35. Defendant retaliated against Plaintiff by terminating her employment.

36. Defendant's actions were willful and in reckless disregard of Plaintiff's rights.

37. Defendant discriminated against Plaintiff because of her disability by failing to provide reasonable accommodations and ultimately terminating her employment.

38. Defendant discriminated against Plaintiff by denying her reasonable accommodations, subjecting her to adverse working conditions, and ultimately terminating her because of her disabilities.

39. Despite Plaintiff's disability, Plaintiff was able to perform the essential functions of her job.

40. Defendant's conduct violates the Americans with Disabilities Act and the Florida Civil Rights Act.

41. Defendant was motivated by Plaintiff's disabilities when it terminated Plaintiff's employment.

42. Defendant willfully violated the FCRA and the ADA because Defendant was aware of Plaintiff's disabilities.

43. Defendant acted in reckless disregard of its duties under the FCRA and the ADA.

44. Defendant did not have a legitimate reason to terminate Plaintiff's employment and Defendant violated the FCRA and the ADA by terminating Plaintiff for advising Defendant, in good faith, Plaintiff has a disability and needed reasonable accommodations.

45. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

## COUNT II – DISABILITY DISCRIMINATION
## IN VIOLATION OF THE FCRA

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

47. Plaintiff is a qualified individual with a disability under the FCRA.

48. Plaintiff engaged in protected activity by requesting a reasonable accommodation and objecting to discriminatory treatment.

49. Plaintiff requested a reasonable accommodation of additional breaks due to her anemia and deafness, which was initially granted but later denied at a critical moment.

50. Defendant's failure to accommodate Plaintiff's known disabilities led directly to a medical emergency and hospitalization.

51. Defendant retaliated against Plaintiff by terminating her employment.

52. Defendant's actions were willful and in reckless disregard of Plaintiff's rights.

53. Defendant discriminated against Plaintiff because of her disability by failing to provide reasonable accommodations and ultimately terminating her employment.

54. Defendant discriminated against Plaintiff by denying her reasonable accommodations, subjecting her to adverse working conditions, and ultimately terminating her because of her disabilities.

55. Despite Plaintiff's disability, Plaintiff was able to perform the essential functions of her job.

56. Defendant's conduct violates the Americans with Disabilities Act and the Florida Civil Rights Act.

57. Defendant was motivated by Plaintiff's disabilities when it terminated Plaintiff's employment.

58. Defendant willfully violated the FCRA and the ADA because Defendant was aware of Plaintiff's disabilities.

59. Defendant acted in reckless disregard of its duties under the FCRA and the ADA.

60. Defendant did not have a legitimate reason to terminate Plaintiff's employment and Defendant violated the FCRA and the ADA by terminating Plaintiff for advising Defendant, in good faith, Plaintiff has a disability and needed reasonable accommodations.

61. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

**COUNT III – RETALIATION IN VIOLATION OF THE ADA**

62. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

63. Plaintiff engaged in protected activity by requesting a reasonable accommodation and objecting to discriminatory treatment based on her disability.

64. Plaintiff requested a reasonable accommodation of additional breaks due to her anemia and deafness.

65. Despite the reasonableness of Plaintiff's accommodation request, Defendant denied Plaintiff's request for accommodation.

66. Defendant's failure to accommodate Plaintiff's known disabilities led directly to a medical emergency and hospitalization.

67. Defendant retaliated against Plaintiff by terminating her employment due to these protected activities.

68. Such retaliation is unlawful under 42 U.S.C. § 12203(a) and Fla. Stat. § 760.10(7).

69. Defendant's actions were willful and in reckless disregard of Plaintiff's rights.

70. As a direct and proximate result, Plaintiff has suffered and continues to suffer damages.

## COUNT IV – RETALIATION IN VIOLATION OF THE FCRA

71. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

72. Plaintiff engaged in protected activity by requesting a reasonable accommodation and objecting to discriminatory treatment based on her disability.

73. Plaintiff requested a reasonable accommodation of additional breaks due to her anemia and deafness.

74. Despite the reasonableness of Plaintiff's accommodation request, Defendant denied Plaintiff's request for accommodation.

75. Defendant's failure to accommodate Plaintiff's known disabilities led directly to a medical emergency and hospitalization.

76. Defendant retaliated against Plaintiff by terminating her employment due to these protected activities.

77. Such retaliation is unlawful under 42 U.S.C. § 12203(a) and Fla. Stat. § 760.10(7).

78. Defendant's actions were willful and in reckless disregard of Plaintiff's rights.

79. As a direct and proximate result, Plaintiff has suffered and continues to suffer damages.

## COUNT V – WORKERS COMPENSATION RETALIATION

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

81. Plaintiff suffered a workplace-related injury and sought medical treatment and care.

82. Plaintiff's request for medical treatment and care was made in good faith.

83. Defendant unlawfully denied Plaintiff's request for workers' compensation benefits.

84. Defendant then fired Plaintiff because she sought medical and treatment and care relating to a workplace injury.

85. Plaintiff is entitled to recover damages for the wrongful denial of benefits and for retaliation under Florida's Workers' Compensation Retaliation laws.

## DEMAND FOR JURY TRIAL

86. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for damages against Defendant together with back pay, front pay, reinstatement, interest, liquidated damages, costs and attorney's fees and other relief permitted by law.

DATED: April 21, 2025.

                                                          Respectfully submitted,

                                                          **/S/ Kyle J. Lee**
                                                          Kyle J. Lee, Esq.
                                                          FLBN: 105321
                                                          LEE LAW, PLLC
                                                          1971 West Lumsden Road, Suite 303,
                                                          Brandon, Florida 33511
                                                          Telephone: (813) 343-2813
                                                          Kyle@KyleLeeLaw.com
                                                          Attorney for Plaintiff